UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELAINE STUMP,

    Plaintiff,

vs.

COMMISISONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-460

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 8), and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed an application for DIB asserting disability as of October 21, 2013. PageID 252-53. Plaintiff claims disability as a result of multiple impairments including, *inter alia*, status post anterior lumbar fusion with infection and radiculopathy, lumbar post-laminectomy syndrome, chronic pain syndrome, obesity, and chronic obstructive pulmonary disease. PageID 81.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

After an initial denial of her application, Plaintiff received a hearing before ALJ Anne Sharrard on June 15, 2015. PageID 102-55. The ALJ issued a decision on September 21, 2015 finding Plaintiff not disabled. PageID 79-94. Specifically, the ALJ found at Step 4 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[2] Plaintiff "is capable of performing past relevant work as an order clerk." PageID 92.

Thereafter, the Appeals Council denied review on September 29, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 61-64. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 79-94), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this decision herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[2] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?;

2.  Does the claimant suffer from one or more severe impairments?;

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing medical opinion evidence; (2) improperly considering her subjective complaints; and (3) improperly evaluating her shoulder impairment. Doc. 10 at PageID 1071-77.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; and appropriately concluded that Plaintiff can perform her past-relevant work. As more fully explained herein, the undersigned finds that the ALJ's non-disability finding should be affirmed.

### A. Medical Opinion Evidence

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[3]

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Plaintiff alleges the ALJ erred in assigning "little weight" to the opinion of treating chiropractor Josh Schmerge, D.C. PageID 1071-73. Dr. Schmerge opined that Plaintiff is "unable to sit/stand/or walk for any duration of time"; "is in no way able to work"; and is "permanently disabled." PageID 591. The ALJ assigned Dr. Schmerge's opinion "very little weight" because it lacked a "specific function-by function analysis of the [Plaintiff's] physical ability" and was on issues "reserved for the Commissioner." PageID 91.

A medical source's opinion -- including the opinion of a treating medical source -- that a claimant is disabled is an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 404.1527(d)(1). In fact, "treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight[,]" although they must be considered. *See* SSR 96-5p, 1996 SSR LEXIS 2 at *1, 1996 WL 374183, at *1-3 (1996).

In weighing Dr. Schmerge's opinion, however, the undersigned does note the ALJ's failure to mention the concept of "controlling weight." PageID 91. Any error in this regard can be harmless if the ALJ "has otherwise met the regulation's goal." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013). Given that Dr. Schmerge's opinion was on an issue reserved to the Commissioner -- *i.e.*, whether or not Plaintiff is "disabled" -- the ALJ properly determined that the opinion is not entitled to controlling weight and reasonably assigned it only "very little weight." PageID 91. The undersigned finds that the ALJ otherwise met the regulation's goal and, as a result, Plaintiff's alleged error as to Dr. Schmerge is without merit.

Plaintiff also alleges the ALJ erred in failing to consider the opinion of Nicolas E. Grisoni, M.D. PageID 1072-74. In a treatment note from August 11, 2014, Dr. Grisoni stated, "I do not think [Plaintiff] can return back to her normal manual labor job. I think that [Plaintiff] would benefit from disability." PageID 1028. This opinion, like Dr. Schmerge's opinion, is on an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 404.1527(d)(1). As a result, reviewing Dr. Grisoni's treatment note would not have affected the ALJ's ultimate decision finding Plaintiff not disabled.

Plaintiff lastly alleges the ALJ erred in assigning "partial weight"[4] to the opinion record reviewing physician, Michael Bolz, M.D. PageID 1073-74. The ALJ found Dr. Bolz's opinion was based on "objective medical evidence" which is "generally consistent with the evidence of record as a whole." PageID 91. The Court finds no error in the ALJ's analysis concerning this opinion because substantial evidence supports the ALJ's conclusion. PageID 90-91; *see* 20 C.F.R. §§ 404.1527(c)(3) and (4).

---

[4] The Court notes that in Plaintiff's Statement of Errors, she incorrectly states that the ALJ assigned Dr. Bolz's opinion "great weight" which the ALJ did not. PageID 1073.

7

Based upon the foregoing, the undersigned finds the ALJ's assessment of medical source opinions supported by substantial evidence. As a result, the ALJ's findings in this regard should be affirmed.

**B. Credibility**

The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996).[5] In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*.

Plaintiff argues that the ALJ failed to adequately consider or find credible her alleged need to remain in a reclining position or lying flat on her back for most of the day. PageID 1074-76. Significantly, contrary to Plaintiff's contention, the ALJ did not wholly discredit her

---

[5] Following issuance of the ALJ's decision in this case, SSR 96-7p was superseded by SSR 16-3p, 2016 WL 1119029, at *8 (Mar. 16, 2016). Courts have not applied SSR 16-3p retroactively. *See Withrow v. Comm'r of Soc. Sec.*, No. 2:15-CV-1437, 2016 WL 4361175, at *8 (S.D. Ohio Aug. 16, 2016); *Williamson v. Comm'r of Soc. Sec.*, No. 1:16-CV-583, 2017 WL 713904, at *4 (S.D. Ohio Feb. 23, 2017).

testimony and, instead, found only that Plaintiff's statements were "not entirely credible."[6] The undersigned finds no irreconcilable inconsistency between the ALJ's finding Plaintiff not entirely credible overall, but nevertheless relying on her testimony to a limited extent -- and in her favor -- while not fully accepting Dr. Bolz's opinion. PageID 87, 90-91.

Finding no inconsistency, the undersigned finds Plaintiff's contention regarding the ALJ's credibility assessment to be without merit.

### C. Shoulder Impairment

Last, Plaintiff alleges that the ALJ failed to consider her shoulder impairment. PageID 1076-77. Contrary to this contention, the ALJ reasonably assessed Plaintiff's shoulder impairment and found that, in light of the recent onset, it did not meet the duration requirement. PageID 82. As a result, the undersigned finds this alleged error to be without merit.

### IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:   January 9, 2018                           s/ Michael J. Newman
                                                  Michael J. Newman
                                                  United States Magistrate Judge

---

[6] In so finding, the ALJ cited the medical evidence of record, Plaintiff's testimony concerning her daily activities, and other record evidence to support her conclusion. PageID 87.

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).